Filed 7/22/13  Mounts v. Cal. Dept. of .Corrections and Rehabilitation CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PHILIP ANDREW MOUNTS, | F064225 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 08CECG01820) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | **OPINION** |
| Defendant and Respondent. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Wild, Carter & Tipton, Russell G. VanRozeboom and Monrae L. English for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alicia M. B. Fowler, Assistant Attorney General, Scott H. Wyckoff and Connie A. Broussard, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

Appellant Philip Andrew Mounts, a Caucasian parole agent, filed a complaint against his employer, respondent California Department of Corrections and Rehabilitation (Department), claiming he was discriminated against because of his race when he was not selected for a promotion. Ronnie Sims, an African-American parole agent, was given the position.

The jury decided the case on a special verdict. The jury found appellant's race was a motivating reason for the Department's decision not to promote appellant. However, the jury also found that there were legitimate reasons, unrelated to appellant's race, for the Department's decision and that the Department would have decided not to promote appellant based solely on the legitimate reasons. Accordingly, judgment was entered in the Department's favor.

Appellant contends the judgment must be reversed because the jury was asked to decide whether the Department's decision not to promote appellant was justified by legitimate reasons without being properly instructed on this "mixed motive" defense.

As recently explained by the California Supreme Court in *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203 (*Harris*), when a plaintiff has shown by a preponderance of the evidence that discrimination was a substantial factor motivating the adverse employment action, the plaintiff nevertheless cannot be awarded damages if the employer proves by a preponderance of the evidence that, in the absence of any discrimination, the employer "would have made the same decision *at the time it made its actual* decision." (*Id*. at pp. 224, 241.) In other words, an employer cannot show it would have made the same decision "'by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision.'" (*Id*. at p. 224.)

Here, the jury was instructed that appellant was required to prove that: his race was a motivating reason for the failure to promote; he was harmed; and the failure to promote was a substantial factor in causing his harm. However, the jury was not instructed that the Department had the burden to prove, by a preponderance of the

2.

evidence, that any legitimate reason for not promoting appellant motivated that decision at the time it was actually made. Nevertheless, the special verdict form asked the jury whether there were legitimate reasons for the Department's decision and whether the Department would have decided not to promote appellant based solely on the legitimate reasons. Negative evidence supporting the Department's decision was admitted although the decisionmaker was not aware of that evidence when the promotion was awarded. In light of this evidence and the absence of the mixed motive defense instruction, it is reasonably probable that the jury was misled. Accordingly, the judgment will be reversed.

## BACKGROUND

Appellant, a "Parole Agent I," applied for an open position in "Unit 1" of the Fresno Adult Parole Office (Unit 1), a division of the Department. The person given this position would be promoted to "Parole Agent II" (PA II).

The interviews for this position were conducted by a panel consisting of Christine Diesslin, the Unit 1 supervisor, and Diesslin's supervisor, Evelyn Lara-Lowe, the central district administrator. Diesslin and Lara-Lowe created a list of questions specific to the position. Each candidate interviewed was asked to verbally respond to these questions and their responses were scored.

Thereafter, Diesslin and Lara-Lowe conferred and selected the top three candidates based on their responses to the questions, their applications, and the recommendations of the candidates' current supervisors. Lara-Lowe and Diesslin agreed that their order of preference was John Hagler, a Caucasian parole agent, Sims and appellant.

Lara-Lowe then prepared a memorandum listing the top three candidates in alphabetical order. This memorandum included information on each candidate's experience and education. However, it did not rank the candidates or make any recommendations regarding the promotion.

This memorandum was routed to Judith Harris, a deputy regional administrator. After receiving the memorandum, Harris called Lara-Lowe to discuss the candidates. Harris testified that Lara-Lowe told her that she and Diesslin wanted either Hagler or Sims. Hagler was preferred because of his computer skills. According to Harris, Lara-Lowe did not want appellant.

The hiring package, including the memorandum, was then sent to Richard Burrows, the acting regional parole administrator. Burrows, the only Department employee with the authority to promote a parole agent, selected Sims for the PA II position.

In making his decision, Burrows reviewed the hiring package and then met with Harris to discuss the candidates. Based on the hiring package, it appeared to Burrows that all of the candidates were good workers and were highly thought of by their supervisors. Burrows recalled Harris telling him that the interview panel had recommended Sims first and Hagler second and that Harris agreed with the panel. Burrows then focused on comparing Sims and Hagler. Burrows preferred Sims because Sims had a Bachelor's degree in criminology and Hagler had only a two-year degree. Appellant also had a Bachelor's degree. However, appellant's degree was in business and Burrows felt that criminology was a more "pertinent" degree for a parole agent's job.

Before he selected Sims for the promotion, Burrows learned that Sims was African-American. Burrows explained that the race of the applicant is considered in the decisionmaking process and that the Department attempts to have balance, including racial balance, in the workforce.

Appellant filed the underlying complaint alleging that the Department violated the Fair Employment and Housing Act (FEHA) when it failed to promote him because of his race. (Gov. Code, § 12940, subd. (a).) The case was tried before a jury.

The jury was instructed according to California Civil Jury Instruction (CACI) No. 2500 that appellant had to prove his "race was a motivating reason for the failure to

4.

promote." "Motivating reason" was defined as "a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision."

The Department requested that the jury be instructed with BAJI No. 12.26 pertaining to a "mixed motive" defense as follows:

> "If you find that the employer's action, which is the subject of plaintiff's claim, was actually motivated by both discriminatory and non-discriminatory reasons, the employer is not liable if it can establish by a preponderance of the evidence that its legitimate reason, standing alone, would have induced it to make the same decision.

> "An employer may not, however, prevail in a mixed-motives case by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision. Neither may an employer meet its burden by merely showing that at the time of the decision it was motivated only in part by a legitimate reason. The essential premise of this defense is that a legitimate reason was present, and standing alone, would have induced the employer to make the same decision."

The trial court refused to give this instruction.

Nevertheless, over appellant's objection, the jury was given a special verdict form that included questions regarding a mixed motive defense. The special verdict form not only asked if appellant's race was a motivating reason for the Department's decision not to promote him to PA II, but also asked: "Were there any legitimate reasons, unrelated to [appellant's] race for the [Department's] decision not to promote [appellant] to Parole Agent II?" and "Would the [Department] have decided not to promote [appellant] … based solely on the legitimate reason(s)?"

The jury found appellant's race was a motivating reason for the Department's decision. However, the jury also found that there were legitimate reasons for the decision and that the Department would have decided not to promote appellant based solely on those legitimate reasons. Accordingly, judgment was entered in the Department's favor.

# DISCUSSION

After this case was tried, the California Supreme Court clarified the law on the mixed motive defense to an employment discrimination claim. (*Harris, supra,* 56 Cal.4th 203.) In *Harris*, a bus driver alleged she was fired by her employer because of her pregnancy in violation of FEHA. The employer claimed the employee had been fired for poor job performance. The employer requested the court to instruct the jury with BAJI No. 12.26, i.e., if the jury found a mix of discriminatory and legitimate motives, the employer could avoid liability by proving that a legitimate motive alone would have led it to make the same decision. The trial court refused and the jury returned a substantial verdict for the employee. (*Id.* at p. 211.)

The *Harris* court held that the refusal to give the mixed motive instruction was prejudicial error. The court explained that, when a plaintiff has shown by a preponderance of the evidence that discrimination was a substantial factor motivating the adverse employment action, the employer is entitled to demonstrate that legitimate, nondiscriminatory reasons would have led it to make the same decision at the time. (*Harris, supra,* 56 Cal.4th at p. 241.)

To meet its burden, the employer must prove by a preponderance of the evidence that, in the absence of any discrimination, it "would have made the same decision *at the time it made its actual decision.*" (*Harris, supra,* 56 Cal.4th at pp. 224, 239.) Proof that the same decision would have been justified is not the same as proof that the same decision would have been made. In other words, the "employer cannot make a same-decision showing 'by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision.'" (*Id.* at p. 224.)

However, even if the employer makes a same-decision showing, such showing is not a complete defense to liability if the plaintiff proves that unlawful discrimination was "a substantial factor motivating the adverse employment action." (*Harris, supra,* 56 Cal.4th at p. 225.) While the plaintiff is not entitled to damages, back pay or an order of

6.

reinstatement for the discrimination in a same showing case, a court may grant declaratory or injunctive relief where appropriate to stop discriminatory practices. (*Id*. at p. 234.) Further, the court may award the plaintiff reasonable attorney fees and costs. This way, the plaintiff and his or her counsel are compensated for bringing a meritorious claim of unlawful discrimination. (*Id*. at p. 235.)

Here, the trial court erred when it refused to give the mixed motive jury instruction requested by the Department. If appellant, rather than the Department, had prevailed at trial, this error would have been prejudicial.

The problem in this case is that, while the jury was not instructed on the mixed motive defense, the special verdict form asked the jury to make mixed motive defense findings. The jury reached its verdict in favor of the Department by finding that there were legitimate reasons, unrelated to appellant's race, for the Department's decision and that the Department would have made this decision based solely on the legitimate reasons. However, the jury was not instructed on, and was not asked to make a finding regarding, whether the legitimate reasons actually motivated Burrows to make the decision at the time the decision was made. Thus, the verdict was based on incomplete findings. Additionally, the jury was not instructed that the Department had the burden of proving this defense. Accordingly, the trial court erred when it included the mixed motive questions in the special verdict form without the jury having been properly instructed on the mixed motive defense.

The next issue is whether this instructional error was prejudicial to appellant. In making this decision, the appellate court "'must examine the evidence, the arguments, and other factors to determine whether it is *reasonably probable* that instructions allowing application of an erroneous theory *actually* misled the jury.' [Citation.] A 'reasonable probability' in this context 'does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*.'" (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 682.)

7.

Here, the promotion decision was made by Burrows alone. At the time Burrows made this decision, the information available to him was limited. Burrows did not know any of the candidates personally. Burrows had the interview panel memorandum listing the candidates alphabetically, the candidates' applications, and Harris's verbal recommendation. Harris's recommendation was based on her discussion with Lara-Lowe and was limited to the interview panel's preference for Hagler and Sims. Burrows did not personally communicate with either one of the interview panel members.

However, negative evidence, unknown to Burrows, was admitted against appellant at trial. Diesslin, appellant's supervisor, testified regarding several instances where appellant was rude and argumentative or lost his temper. None of these instances were officially recorded. Further, a citizen's complaint filed against appellant in 2006 was admitted. In this complaint, two members of a parolee's family alleged that appellant was disrespectful and rude. Again, all of this evidence was unknown to Burrows at the time he made his decision.

The jury found that race was a motivating reason for the Department's decision not to promote appellant but that the same decision would have been made based solely on legitimate reasons. The negative evidence described above provides support for the jury's same decision finding. However, the jury was not instructed that the legitimate and sufficient reasons offered by the employer had to motivate the employer *at the time the decision was made*, not simply provide later justification. Because Burrows was unaware of this negative evidence when he made the promotion decision, there is a reasonable chance that the jury was misled. Consequently, we reverse the judgment and remand for a new trial.[1]

---

[1]    Appellant has requested this court to direct the trial court on remand to instruct the jury that the Department discriminated against appellant based on race and that the remaining issues to be decided are limited to causation and damages. However, while the jury found that race was a "motivating reason" for the Department's decision, under

**DISPOSITION**

The judgment is reversed.  Costs on appeal are awarded to appellant.

_____
LEVY, J.

WE CONCUR:


_____
WISEMAN, Acting P.J.


_____
KANE, J.

---

*Harris,* the jury must determine "whether discrimination was 'a substantial motivating factor/reason.'" (*Harris, supra,* 56 Cal.4th at p. 232.) Since the discrimination finding was incomplete, this is not an appropriate case for a limited remand.